**Rex BAKER, et al., Plaintiffs,**

v.

**BARNARD CONSTRUCTION CO., et al., Defendants.**

**Civ. No. 93–140 JB.**

United States District Court,
D. New Mexico.

May 24, 1994.

J.E. Gallegos and David Sandoval, Santa Fe, NM, for plaintiffs.

Richard A. Winterbottom, Stout & Winterbottom, Albuquerque, NM, Thomas J. Hynes, James L. Brown, Farmington, NM, Nicholas J. Noeding, Hinkle, Cox, Eaton Coffield & Hensley, Albuquerque, NM, John Schmidt & Deirdre I. Dexter, Conner & Winters, Tulsa, OK, David C. Davenport, Jr., Rodey, Dickason, Sloan, Akin & Robb, Santa Fe, NM, Gregory K. Hoskin & John T. Howe, Nelson, Hoskin & Farina, Grand Junction, CO, Dan A. McKinnon, III, Marron, McKinnon & Ewing, Albuquerque, NM, Victor A. Titus, Titus & Gurley, Farmington, NM, Michael A. Ross, TIC Holdings, Inc., Steamboat Springs, CO, Lisa Enfield, Albuquerque, NM, David A. Rammelkamp, Kelly, Rammelkamp, Muehlenweg, Lucero & Ewing, Albuquerque, NM, George McFall, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, NM, Judith B. Stouder, Stoel, Rives, Boley, Jones & Grey, Seattle, WA, Gail Gottlieb & Jean M. Bannon, Sutin, Thayer & Browne, Albuquerque, NM, for defendants.

### MEMORANDUM OPINION AND ORDER

BURCIAGA, Chief Judge.

THIS MATTER is before the Court on Defendant Pioneer Contracting's (Pioneer) August 31, 1993, motion to sever and for separate trials; Defendant Four–Four, Inc., (Four–Four) September 1, 1993, motion for misjoinder; and Plaintiffs' February 22, 1994, motion to consolidate. The Court, having reviewed the record, the submissions of the parties, and being otherwise fully advised in the premises, finds Pioneer's and the Plaintiffs' motions well taken, and are granted; the Court finds Four–Four's motion is not well taken, and is denied.

The Court will decline to address Four–Four's claim that Plaintiffs improperly joined Four–Four in this action under Fed.R.Civ.P. 20(a). The proper remedy for misjoinder under Fed.R.Civ.P. 20(a) in this case would

be to sever Four–Four from the other Defendants in this action. *See* 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure,* § 1684 at 450–51 (1986). However, even if Four–Four was improperly joined, the Court would have exercised its discretion and consolidated Four–Four with Defendants Barnard Construction Co. Inc., Davy McKee Corp., Four–Way Company, Inc., Foutz & Bursum Construction Co., Inc. and Mountain West Fabrication Plants & Stations, Inc. "Even though claims have been severed under Rule 21 they still may be consolidated for trial under Rule 42(a)." *Federal Practice* § 1684 at 476. Rule 42(a) states that:

> [w]hen actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

In light of the Court's holding that Pioneer and Flint Engineering & Construction Co. violated section 207(a) of the FLSA, the Court will grant Pioneer's motion to sever and will hold a separate trial as to Pioneer and Flint. The other Defendants would be prejudiced by being tried with Pioneer and Flint because they have already been found to have violated the overtime provision of the FLSA. 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure,* § 2383 pp. 260–61 (1971).

Finally, the Court will grant Plaintiffs' motion to consolidate this case with *Fowler v. Elkhorn Construction, Inc.,* Civ. No. 93–1051 SC (D.N.M. filed Sept. 1, 1993).[1] The legal issues in *Fowler* are identical to the case now before the Court, and any factual differences are inconsequential. The Court also finds that Defendant Elkhorn Construction will not suffer any unnecessary expenses or undue delay by the Court's consolidating this matter.

Wherefore;

IT IS ORDERED, ADJUDGED AND DECREED that Defendant Pioneer Construction Company's motion to sever be, and hereby is, granted.

IT IS FURTHER ORDERED that Plaintiffs' motion to consolidate be, and hereby is, granted.

IT IS FURTHER ORDERED that Defendant Four–Four Company Inc.'s motion to sever be, and hereby is, denied.

---

1. *Fowler* will be consolidated with the Four–Four Defendants.